[862 NYS2d 220]

In the Matter of DOMENIC J. MIGLIAĆCIO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 6, 2008

## APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Terrence M. Connors*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1979, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of two estates. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the pleadings and stipulated facts, which the Grievance Committee moves to confirm.

Respondent takes issue only with the Referee's findings and conclusions with respect to charge two, which is directed to respondent's failure to finalize promptly an estate as he was directed to do in a letter of caution issued by the Grievance Committee.

With respect to charge one of the petition, respondent does not contest the findings of the Referee that his failure to marshal estate assets and to close the estate in a timely manner resulted in a loss to the estate of dividends paid on two stocks. With respect to charge two, the Referee made findings regarding respondent's conduct prior to the issuance of the letter of caution, including findings regarding conduct that is not alleged in the petition, and concluded that respondent's delay in finalizing an estate following the issuance of the letter of caution constituted neglect. Finally, with respect to charge three, the Referee found that respondent failed to respond to inquiries and requests for information made by the Grievance Committee during its investigation.

We confirm the findings of fact made by the Referee with respect to charges one and three of the petition and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

With respect to charge two, respondent contends that the Referee erred in making findings concerning his conduct prior to the issuance of the letter of caution, because the letter of caution was determinative of that conduct. Respondent further contends that the Referee erred in considering conduct that was not alleged in the petition. Finally, respondent contends that his delay in filing an informal closing statement does not, by itself, support the Referee's conclusion that his conduct constituted neglect.

We agree. We decline to adopt the findings of the Referee with respect to charge two and we disregard the conclusion, which is advisory only, that respondent's delay following the issuance of the letter of caution in filing an informal closing statement constituted neglect.

We have considered in mitigation the numerous letters submitted on behalf of respondent attesting to his good character. Additionally, we have considered respondent's expression of remorse for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.